IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JIMMY HEBERT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-20-998 |
| § | |
| MARATHON OIL COMPANY, § | |
| MARATHON OIL PERMIAN LLC, and § | |
| PRESSURE CONTROL, INC., d/b/a § | |
| ENERGY PERSONNEL INTERNATIONAL, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Jimmy Hebert sued Marathon Oil Company, Marathon Oil Permian LLC, and Pressure Control, Inc., d/b/a Energy Personnel International, alleging that they failed to pay him overtime wages due under the Fair Labor Standards Act. The defendants have moved to dismiss, arguing that Hebert has not sufficiently alleged either an employer-employee relationship or that the defendants are covered by the Fair Labor Standards Act. Hebert responded, and the defendants replied. Based on the complaint allegations, the applicable law, and the parties' motions, briefs, and submissions, the court grants the defendants' motion to dismiss, without prejudice. Leave to amend is granted, but the amended complaint must be filed no later than May 15, 2020.

The reasons for this ruling are detailed below.

**I.    Background**

Marathon Oil Company is an oil exploration and production company. (Docket Entry No. 27 at ¶ 8). Along with its subsidiary, Marathon Oil Permian, LLC, it operates extensively in New Mexico's Permian Basin. (*Id.* at ¶ 9). Both Marathon Oil Company and Marathon Oil

Permian use subcontractors that supply them with workers for exploration and production. (*Id.* at ¶ 10).

Energy Personnel International subcontracted with Marathon Oil Company. (*Id.* at ¶ 11). Energy Personnel allegedly hired Jimmy Hebert to work on Marathon's "Permian Basin Field Completions Team" as a "completions consultant," where he worked from March 7, 2018 until January 10, 2019. (*Id.* at ¶¶ 12–13). Hebert would allegedly work for two consecutive weeks on and two consecutive weeks off. (*Id.* at ¶ 23). Hebert worked 12.5 hours each day on average, totaling 87.5 hours per week. (*Id.* at ¶ 24). Marathon allegedly paid Hebert a flat rate between $1,650.00 and $1,700.00 per day, regardless of the hours that Hebert worked each week. (*Id.* at ¶ 27).

Hebert sued, asserting a claim for overtime wages under the Fair Labor Standards Act ("FLSA"). (Docket Entry No. 1). The defendants requested a premotion conference to address deficiencies in Hebert's complaint, and Hebert amended. (Docket Entry Nos. 12, 27). Marathon Oil Company and Energy Personnel then moved to dismiss the amended complaint under Rule 12(b)(6).[1] Hebert responded, and the defendants replied. (Docket Entry Nos. 34, 39, 40).

## II. The Applicable Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8

---

[1] Hebert does not appear to have served Marathon Oil Permian with process, stating that he will serve Marathon Oil Permian "if it does not voluntarily appear." (Docket Entry No. 27 at ¶ 7).

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Pervasive Software*, 688 F.3d at 232.

In considering a motion to dismiss for failure to state a claim, the court is to consider "the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a motion to dismiss are "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

**III. Analysis**

The defendants argue that Hebert's complaint fails to state a claim for two reasons: first, Hebert has not sufficiently alleged individual or enterprise coverage under the FLSA; and second, Hebert has not sufficiently alleged an employer-employee relationship between each defendant and Hebert. (Docket Entry No. 34 at 10, 15). The defendants do not challenge whether Hebert's complaint sufficiently alleges a violation of the FLSA's overtime wage requirement. (Docket Entry No. 40 at 2). The elements of an FLSA unpaid overtime claim are: (1) an employer-employee relationship existed during the claimed unpaid overtime periods; (2) the employee was involved in activities within FLSA coverage; (3) the employer violated the overtime wage requirement; and (4) the amount of overtime compensation owed. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

**A. FLSA Coverage**

The FLSA protects employees under (1) "enterprise coverage," which covers those who are "employed in an enterprise engaged in commerce or in the production of goods for commerce," or (2) "individual coverage," which covers those who are individually "engaged in commerce or in the production of goods for commerce," regardless of whether the employer constitutes an enterprise. 29 U.S.C. §§ 206–07, 216(b). The plaintiff bears the burden of "proving that the FLSA applies to [him]." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam). The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

The defendants argue that Hebert has not pleaded facts that sufficiently allege individual or enterprise coverage. (Docket Entry No. 34 at 11–14). Hebert appears to misunderstand the

defendants' argument, responding that he has alleged facts that support an FLSA violation. (Docket Entry No. 39 at 2–5). Hebert also argues that Marathon Oil Company made judicial admissions in its answer to Hebert's original complaint, (Docket Entry No. 10), that estop all of the defendants from arguing against coverage. (Docket Entry No. 39 at 5–7). These admissions include that: Marathon Oil Company is a "Fortune 500 oil exploration and production company that, in 2018, employed approximately 2,400 employees and netted profits of approximately $1.1 billion"; it "engages in oil exploration and production operations"; Marathon Oil Permian "conducts fracking operations in New Mexico's Permian Basin"; the companies use Energy Personnel as a subcontractor to provide workers; Energy Personnel assigned Hebert to work on fracking operations in New Mexico; and Marathon Oil Company "was and is an employer within the meaning of the FLSA." (Docket Entry No. 10 at ¶¶ 7, 8, 10, 11, 12, 30).

Hebert has not plausibly alleged individual coverage under the FLSA. Individual coverage applies only if "the [employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio*, 474 F.3d at 829 (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). Although there is no "*de minimus* requirement," *id.*, the work itself must be "entwined with the continuous stream of interstate commerce." *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1125 (5th Cir. 1979).

Hebert alleges that he worked as a "completions consultant" on Marathon Oil Company and Marathon Oil Permian's "Permian Basin Field Completions Team," to help with fracking operations in New Mexico's Permian Basin. (Docket Entry No. 27 at ¶¶ 12–13). Hebert does not allege any other facts that could show how his individual role was directly related to interstate commerce. He repeats the statutory language, alleging that the defendants "'employed'

5

Hebert in 'commerce,' in the production of 'goods' for commerce." (*Id.* at ¶ 34). The lack of factual allegations means that the amended complaint fails to plausibly allege individual coverage. *See Ridley v. Penbar, Inc.*, No. H-17-974, 2018 WL 398231, at *3 (S.D. Tex. Jan. 12, 2018) ("[P]laintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage.") (citing *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *5 (S.D. Tex. Jan. 7, 2014) (reciting the statutory elements of coverage under the FLSA is insufficient).

Hebert has sufficiently alleged enterprise coverage as to Marathon Oil Company, but not as to Marathon Oil Permian or Energy Personnel. The FLSA covers any "enterprise engaged in commerce or in the production of goods for commerce" and defines this in part as "an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii). The defendants argue that Hebert has alleged neither the commerce requirement nor the gross sales requirement.

Hebert alleges that Marathon Oil Company netted $1.1 billion in profits in 2018. (Docket Entry No. 27 at ¶ 8). While this figure does not directly address Marathon Oil Company's gross sales volume, a $1.1 billion profit would require gross sales to be at least that high. Hebert does not allege facts relating to Marathon Oil Permian or Energy Personnel's gross sales volume.

Hebert argues that because Marathon Oil Company admitted in its answer to the original complaint that it is headquartered in Houston, Texas, and because the fracking took place in New Mexico, the complaint sufficiently alleges that Marathon Oil Company engaged in interstate commerce. (Docket Entry No. 39 at 6). Similarly, Hebert argues that Energy Personnel admitted it was headquartered in The Woodlands, Texas, satisfying the interstate commerce

requirement.  Because the FLSA's definition of commerce includes "communication" between states, it is plausible that Marathon Oil Company and Energy Personnel engage in commerce as defined by the FLSA.

Hebert has not sufficiently alleged individual coverage under the FLSA.  He has alleged enterprise coverage as to Marathon Oil Company, but not as to Marathon Oil Permian or Energy Personnel.

### B. Employer-Employee Relationship

The defendants also argue that Hebert has not adequately alleged the employer-employee relationship the FLSA requires.  (Docket Entry No. 34 at 15).  To determine a party's status as an employer under the FLSA, courts focus on the economic realities of the relationship.  *See Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) ("The Fifth Circuit uses the 'economic reality' test to evaluate whether there is an employer/employee relationship.").  A court considers "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *Gray*, 673 F.3d at 355).

"In joint employer contexts, each employer must meet the economic reality test."  *Id.* (citing *Gray*, 673 F.3d at 355).  A plaintiff must allege facts that would allow a court to apply the economic reality factors on a defendant-by-defendant basis and determine that each defendant jointly employed the plaintiff.  *See Fernandez v. JaniKing Int., Inc.*, No. H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. Jan. 8, 2018) ("Plaintiffs have not alleged any facts that would establish an employment relationship on a Defendant-by–Defendant basis.  Instead, all Plaintiffs allege is that 'Defendants,' collectively or as a group, employed them.  This is insufficient . . . and, on this

7

basis alone, Plaintiffs' First Amended Complaint is subject to dismissal."); *Kaminski v. BMW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) ("Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA.").

Hebert alleges that "[a]t all relevant times, [he] was [Marathon Oil Company, Marathon Oil Permian, and Energy Personnel's] employee . . . whether singly or jointly," and that all three entities "whether singly or jointly . . . 'employed' Hebert in 'commerce.'" (Docket Entry No. 27 at ¶¶ 33–34). Hebert also alleges that: the defendants[2] "had the right to control and, in fact, controlled Hebert's work"; the defendants' employees supervised his work on a daily basis and "dictated where, when, and how Hebert performed his work"; the defendants "required Hebert to attend Marathon-run training, safety, and recap meetings"; the defendants "had the right to terminate Hebert and, in fact, did terminate his employment"; the defendants' "relative investment in the work performed by Hebert far exceeded Hebert's"; the defendants "determined the degree of Hebert's opportunity for profit or loss"; the skill required of Hebert was "not high"; and "[a]s a matter of 'economic reality,' Hebert was economically dependent upon" the defendants. (Docket Entry No. 27 at ¶¶ 14–22).

Hebert's allegations generally do little more than recite the Fifth Circuit's economic reality test, although his allegations that the defendants supervised him daily, required him to attend training, and ultimately fired him might plausibly show the control factor that is present in an employer-employee relationship. But Hebert has not pleaded any way to separate the facts

---

[2] Hebert refers to all three defendants as simply "Marathon" and does not distinguish between the three. (*See* Docket Entry No. 27 at 1 n.1).

that would allow the court to apply the economic reality test on a defendant-by-defendant basis as needed to plausibly allege that each defendant jointly employed Hebert. Instead, Hebert refers to all three defendants as "Marathon" and provides no factual allegations as to which defendant did what. Hebert argues only that his allegations regarding the lack of overtime pay are sufficient to state an FLSA violation, (Docket Entry No. 39 at 2–5), but that is not the problem. Hebert has failed to allege facts that could plausibly show that each defendant jointly employed him under the FLSA.

### C. Leave to Amend

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Pervasive Software*, 688 F.3d at 232. The defendants have not challenged whether Hebert's complaint adequately alleges a failure to pay overtime wages under the FLSA. (Docket Entry No. 40 at 2). Hebert has failed to allege specific facts that plausibly show coverage under the FLSA, and the presence of an employer-employee relationship as to each defendant. Because amendment would not be futile as to those defects, the court grants Hebert leave to amend his complaint.

## IV. Conclusion

The defendants' motion to dismiss, (Docket Entry No. 34), is granted. Hebert's complaint is dismissed, without prejudice and with leave to amend. Hebert must amend **by May 15, 2020**.

SIGNED on March 30, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge